Filed 11/25/24  P. v. Rosado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083112 |
| v. | (Super.Ct.No. FSB22002693) |
| MATILDE ROSADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rafael A. Arreola, Judge.  (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury found defendant and appellant Matilde Rosado guilty of grand theft of lost property.  (Pen. Code[1], § 485.)  Defendant appeals.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The victim was at the Yaamava Casino and went to the buffet.  The employee at the counter asked to see her identification, so she took her California identification out of her wallet to show the employee.  The victim then proceeded to the buffet seating and left her wallet behind.

After finishing her meal, the victim realized she did not have her wallet, so she reported it to casino employees.  She had approximately $2,100 in cash in her wallet.  Casino surveillance personnel located surveillance video of the victim when she left her wallet on the counter.  The video showed defendant approaching the counter, shortly after the victim left.  The video showed that defendant noticed the wallet on the counter, then placed the victim's wallet in her pants pocket.

After reviewing the surveillance video, a security officer located defendant in the casino and told her she was a suspect in a wallet theft.  Defendant denied having the wallet, but admitted having it after the officer told her she was caught on camera taking it.  Defendant did not think she had done anything wrong, since she did not steal the wallet, but simply found it. The officer asked where the wallet was, and defendant said she had put it inside the storage compartment of her mother's walker.  The officer located

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

defendant's mother in the casino, took possession of the wallet, and returned it to the victim. The victim looked inside and noticed her money was missing from the wallet. A sheriff subsequently placed defendant under arrest for grand theft. Approximately $1,550 in cash was found on her person.

Defendant was charged by information with grand theft of lost property exceeding $950. (§ 485) A jury found defendant guilty as charged.

Defendant subsequently filed a petition to disclose each juror's name and contact information, based on alleged juror misconduct. She also filed a motion for new trial, based on the same alleged juror misconduct. In the alternative, defendant asked the court to reduce her conviction to a misdemeanor.

The trial court denied the petition to disclose juror information, finding insufficient evidence of juror misconduct. The court denied the motion for new trial, noting there was overwhelming evidence that defendant took the victim's money, including testimony and video evidence. It also denied the request to reduce the conviction to a misdemeanor without prejudice, stating that it would consider reducing the conviction in the future if defendant paid $2,100 in restitution. The court placed defendant on felony probation for two years and ordered her to pay the restitution. It also awarded her four days of custody credit, ordered her to report to work release, and waived all remaining fees and fines, finding her indigent.

Defendant filed a timely notice of appeal.

3

## DISCUSSION

Defendant appealed, and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and listing the following potential arguable issues: (1) whether the court abused its discretion in denying defendant's petition to disclose juror contact information, based on alleged juror misconduct; (2) whether the court properly denied the motion for new trial; and (3) whether there was sufficient evidence that the theft was in an amount exceeding $950. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

4